UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>                Plaintiff,<br><br>   v.<br><br>OFFICE OF THE INSPECTOR GENERAL, et al.,<br><br>                Defendants. | Case No. 1:25-cv-00188-KES-EPG (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS; THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT<br><br>Doc. 20 |

Plaintiff Sharrod Moten is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 29, 2024, plaintiff filed a signed complaint in the Central District of California. Doc. 1. The action was transferred to the Eastern District of California on February 12, 2025. Doc. 14. On February 20, 2025, the Court issued a screening order, indicating that its preliminary review of plaintiff's complaint suggested that the complaint violated Rule 8 of the Federal Rules of Civil Procedure and did not comply with the Court's standing order setting a page limit for complaints filed by incarcerated plaintiffs. Doc. 19 at 3. Specifically, the magistrate judge correctly found that the complaint exceeded the page limit requirements and that the allegations were not a short and plain statement of the claims. *Id.* The magistrate judge also noted that the complaint was not signed under oath. *Id.* The

1  screening order directed plaintiff to file an amended verified complaint that did not exceed 25
2  double spaced typed pages or, if handwritten, in reasonably sized handwriting.  Doc. 19 at 1.
3  Plaintiff did not file an amended complaint.

4  On April 15, 2025, the assigned magistrate judge issued findings and recommendations
5  recommending that this action be dismissed without prejudice for plaintiff's failure to prosecute
6  and failure to comply with the Court's orders.  Doc. 20.  Specifically, the findings and
7  recommendations found that plaintiff's deadline to file an amended complaint had passed.  *Id.*
8  at 1-2.  The findings and recommendations contained notice that any objections thereto were to
9  be filed within thirty days after service.  *Id.* at 3-4.  No objections were filed and the time to do
10 so has passed.

11 In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of
12 this case.  The initial screening order required plaintiff to file a verified complaint that met the
13 requirements set forth in the standing order for the electronic filing of prisoner litigation.
14 Doc. 19.  The Court "has broad inherent authority to control its docket and issue litigation
15 management decisions, including decisions to impose page limitations."  *Williams v. Stewart*,
16 No. 1:18-CV-00343-DCN, 2019 WL 13241652, at *1 (D. Idaho Oct. 24, 2019), aff'd, 830 F.
17 App'x 904 (9th Cir. 2020).  The initial screening order indicated that plaintiff was required to
18 file an amended complaint that did not exceed twenty-five (25) pages.  Doc. 19 at 4.  However,
19 the screening order required plaintiff to file a verified complaint.  Although a verified
20 complaint may be helpful to plaintiff in opposing summary judgment, *see Moran v. Selig*, 447
21 F.3d 748, 759 & n. 16 (9th Cir. 2006) (unverified complaint cannot be considered as evidence
22 on motion for summary judgment), the findings and recommendations do not provide any
23 authority or analysis as to why plaintiff should be required to file a complaint under penalty of
24 perjury to proceed with this action.

25 Accordingly, the Court declines to adopt the findings and recommendations.  Instead,
26 the Court will provide plaintiff a final opportunity to file an amended complaint that does not
27 exceed twenty-five (25) pages in length.  Within thirty days of the date of service of this Order,
28 plaintiff must: (1) file an amended complaint; or (2) voluntarily dismiss this action without

prejudice under Federal Rule of Civil Procedure 41.  Plaintiff must sign any document he files with the Court.

Accordingly,

1. The Court declines to adopt the findings and recommendations issued on April 15, 2025, Doc. 20.
2. Within thirty days of the date of service of this Order, plaintiff must:
    a. file an amended complaint; or
    b. voluntarily dismiss this action without prejudice under Federal Rule of Civil Procedure 41.
3. Failure to timely respond to this Order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   July 8, 2025

_____
UNITED STATES DISTRICT JUDGE