UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>                Plaintiff,<br><br>    v.<br><br>OFFICE OF THE INSPECTOR GENERAL, et al.,<br><br>                Defendants. | Case No. 1:25-cv-00188-KES-EPG (PC)<br><br>ORDER DISMISSING ACTION<br><br>Doc. 21 |

      Plaintiff Sharrod Moten is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed under 42 U.S.C. § 1983.  On April 15, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed without prejudice for plaintiff's failure to prosecute and failure to comply with the Court's orders.  Doc. 20.  On July 8, 2025, the Court declined to adopt the findings and recommendations and issued an order providing plaintiff a final opportunity to file an amended complaint within thirty days.  More than thirty days have passed, and plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

      Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and failure to prosecute.  In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a court order, the Court weighs the following factors: (1) the public's interest in expeditious resolution of

litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Court finds that the *Henderson* factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket nor can the litigation be expeditiously resolved if plaintiff does not litigate his case. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The court issued an order requiring plaintiff to file an amended complaint and plaintiff has not responded to it. Doc. 21.

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

Finally, the Court's warnings in its July 8, 2025 order, that plaintiff's failure to comply with the Court's order would result in dismissal of this action, Doc. 21, satisfies the "considerations of the alternatives" requirement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Additionally, at this stage in the proceedings there is little else available to the court that would constitute a satisfactory lesser sanction given plaintiff's failure to file an amended complaint.

//

//

//

Accordingly,

1. This action is dismissed without prejudice.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   September 25, 2025

UNITED STATES DISTRICT JUDGE