UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br>Plaintiff,<br>v.<br>OFFICE OF THE INSPECTOR GENERAL, et al.,<br>Defendants. | Case No.: 1:25-cv-00188-KES-EPG (PC)<br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br>Doc. 24 |

## I. **Relevant Background**

On April 15, 2025, the assigned magistrate judge issued findings and recommendations to dismiss this action without prejudice for failure to prosecute and failure to comply with court orders. Doc. 20. On July 8, 2025, the court declined to adopt the findings and recommendations and provided plaintiff with an additional thirty days to file an amended complaint or voluntarily dismiss this action. Doc. 21 at 2. The court warned plaintiff that the failure to timely respond to the court's order would result in dismissal of this action. *Id.* at 3. No amended complaint or voluntary dismissal was timely filed. On September 26, 2025, the court dismissed the action as plaintiff had failed to file an amended complaint or otherwise respond to the court's order. Doc. 22.

On October 16, 2025, plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule Civil Procedure 59(e). Doc. 24.

## II. **Legal Standards**

Relief from an order issuing a final judgment may be granted under Federal Rule of Civil Procedure 59(e) or 60(b). *See*, *e.g.*, *Langley v. Well Path Med.*, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020). A motion for reconsideration of a final judgment is appropriately brought under Rule 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). The motion must be filed no later than 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Rule 60(b) governs the reconsideration of final orders of the district court. This Rule permits a district court to relieve a party from a final order or judgment "for the following reasons," including "mistake, inadvertence, surprise, or excusable neglect" and any other reason the Court finds that "justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

## III. **Discussion**

Plaintiff argues that he diligently complied with the court's July 8, 2025, order by mailing the amended complaint and related filings on July 24, 2025, but that for an unknown reason those documents never appeared on the docket. Doc. 24 at 1. Plaintiff was in custody at the time he purports to have mailed his amended complaint. Although plaintiff argues that his filing was timely under the mailbox rule, plaintiff's proof of service does not assert that he mailed the documents by depositing them with prison authorities for mailing—it asserts that he deposited the mailing directly into the United States mail. *See id.* at 9. And plaintiff's proof of service includes a certified mail receipt and tracking number, which is inconsistent with plaintiff having mailed the envelope in prison. *Id.* Plaintiff also provides a statement by his wife indicating that she was the person who placed various filings in the U.S. mail "between the dates of July 1, 2025, and August 31, 2025," but she does not specify what documents were mailed, the specific dates they

were mailed, or the addresses to which they were mailed. *See id.* at 47. Plaintiff's filing fails to show that he timely and diligently served an amended complaint on the court in compliance with the court's order.

Plaintiff's filing fails to establish excusable neglect or another basis for reconsideration. The court notes that plaintiff was afforded multiple opportunities to proceed with his case but failed to timely comply with the court's orders. Although the magistrate judge provided plaintiff thirty days to amend his complaint, plaintiff failed to file an amended complaint. *See* Docs. 19, 20. The magistrate judge then issued findings and recommendations to dismiss this case, and plaintiff failed to respond. *See* Docs. 20, 21. On July 8, 2025, the court granted plaintiff a final thirty days to amend his complaint, and after more than thirty days had passed, the case was dismissed. The court does not find that plaintiff has established excusable neglect.

## IV. Conclusion and Order

For the foregoing reasons, plaintiff's motion to alter or amend judgment (Doc. 24) is denied.

IT IS SO ORDERED.

Dated: September 21, 2026

UNITED STATES DISTRICT JUDGE